UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BRENDAN MAGNAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:23-cv-XXXX |
| UMASS MEMORIAL MEDICAL CENTER, INC., | ) ) ) ) | |
| Defendant | ) ) | |

# COMPLAINT AND DEMAND FOR JURTY TRIAL

## Parties, Jurisdiction and Venue

1. Plaintiff Brendan Magnan ("Mr. Magnan") is an individual residing in Auburn, Massachusetts.

2. Defendant UMass Memorial Medical Center, Inc. ("UMass") is a Massachusetts corporation with a principal business address of One Biotech Park, 365 Plantation Street, Worcester, MA 01605.

3. Massachusetts has jurisdiction over UMass pursuant to M.G.L. c. 223A sec. 2.

4. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C.A. § 1331.

5. Venue is appropriate pursuant to 28 U.S.C.A. sec. 1391 because the events giving rise to the claims herein occurred in Massachusetts and UMass operates solely in this district.

## Facts

6. Mr. Magnan began working for UMass on November 1, 2015 as an Epic Systems Analyst in the Information Services department.

7. In that position, Mr. Magnan's job responsibilities consisted of working with software.

8. Beginning in March 2020, with the onset of the COVID-19 pandemic, Mr. Magnan performed his work for UMass remotely on a full-time basis.

9. In or about November 2020, UMass announced a policy requiring its employees to obtain vaccination against the flu.

10. On November 25, 2020 Mr. Magnan submitted a request for an exemption from UMass' flu vaccine policy on the basis of his personal religious beliefs.

11. On December 4, 2020 UMass asked Mr. Magnan to provide more information about his religious beliefs.

12. On December 8, 2020, after Mr. Magnan provided additional information, UMass granted his exemption request and indicated that it would not require him to obtain a flu vaccine.

13. On September 15, 2021, UMass implemented an immunization policy requiring its employees to be vaccinated against COVID-19.

14. The UMass immunization policy required employees to receive at least a first dose of the COVID-19 vaccine by November 1, 2021, and to be fully vaccinated by early December 2021.

15. The UMass policy allowed for exemptions to be granted for medical or religious reasons.

16. UMass provided employees with a COVID-19 vaccination religious exemption form for 2021-2022.

17. Based on his sincerely held religious beliefs, Mr. Magnan submitted a request for an exemption from the COVID-19 vaccine requirement using the UMass form on September 17, 2021.

18. In his request, Mr. Magnan stated as follows: "My body is created perfect in the eyes of the lord and He does not make mistakes. My body should be free from any toxins."

19. Mr. Magnan had used the same, or substantially the same, wording in his prior request for an exemption from the flu vaccine policy.

20. Mr. Magnan further stated that he has not received any vaccinations since developing his sincerely held religious beliefs approximately 3 to 4 years prior.

21. Despite having approved Mr. Magnan's request for a religious exemption from the flu vaccine requirement, UMass denied Mr. Magnan's request for a religious exemption to the UMass COVID-19 vaccination requirement.

22. Mr. Magnan requested an appeal or reconsideration of the denial for a religious exemption, and UMass refused to grant either an appeal or reconsideration.

23. In contrast to its prior response to Mr. Magnan's description of his religious beliefs in the context of requesting an exemption from the flu vaccine requirement, UMass disparaged Mr. Magnan's religious beliefs as merely "subscribing to false information."

24. UMass refused to engage in any dialogue with Mr. Magnan concerning his request for a religious exemption.

25. On or about November 5, 2021, UMass sent Mr. Magnan a notice of noncompliance with the COVID-19 vaccination policy.

26. The notice stated that if Mr. Magnan was not vaccinated by November 15, 2021, his employment would be suspended without pay.

27. The notice further stated that Mr. Magnan would be ineligible to continue working at UMass if he was still not vaccinated by December 1, 2021.

28. On December 2, 2021, UMass terminated Mr. Magnan's employment.

29. At the time of his unlawful termination, Mr. Magnan had been working for UMass remotely for approximately 20 months.

30. Mr. Magnan was able to complete all of his job responsibilities remotely and allowing him to continue working remotely would not have posed an undue hardship for UMass.

31. Mr. Magnan has complied with all applicable prerequisites to bringing this action.

## COUNT I
## Discrimination on the Basis of Religion – 42 U.S.C. § 2000e-2(a)

32. Mr. Magnan realleges and incorporates the foregoing paragraphs of the Complaint as if fully set forth herein.

33. In denying Mr. Magnan's request for a religious exemption, UMass was motivated by bias against his religious beliefs as reflected by its refusal to credit those beliefs and its refusal to engage in any kind of dialogue with Mr. Magnan concerning his beliefs and his request for a religious exemption.

34. Had UMass engaged in a dialogue with Mr. Magnan, it could have and should have determined that his request for a religious exemption was based on sincerely held religious beliefs.

35. Had UMass engaged in a dialogue with Mr. Magnan, it could have and should have determined that accommodating his request would not have posed an undue hardship.

36. UMass's refusal to grant Mr. Magnan an exemption based on his sincerely held religious beliefs resulted in his termination.

37. As a result of his termination, Mr. Magnan has suffered loss of income and substantial emotional distress, as well as incurred attorneys' fees and costs.

38. UMass' actions and omissions described herein violated 42 U.S.C. § 2000e-2(a).

39. Mr. Magnan has received a Notice of Right to Sue from the Equal Employment Opportunity Commission and has filed this complaint within ninety days of receipt of the notice.

40. Pursuant to 42 U.S.C. § 2000e-5(g), Mr. Magnan is entitled to relief including but not limited to reinstatement, compensation for lost income, compensation for emotional distress, and an award of attorneys' fees and costs.

## COUNT II
### Discrimination on the Basis of Religion – 151B § 4(1A)

41. Mr. Magnan realleges and incorporates the foregoing paragraphs of the Complaint as if fully set forth herein.

42. In denying Mr. Magnan's request for a religious exemption, UMass was motivated by bias against his religious beliefs as reflected by its refusal to credit those beliefs and its refusal to engage in any kind of dialogue with Mr. Magnan concerning his beliefs and his request for a religious exemption.

43. Had UMass engaged in a dialogue with Mr. Magnan, it could have and should have determined that his request for a religious exemption was based on sincerely held religious beliefs.

44. Had UMass engaged in a dialogue with Mr. Magnan, it could have and should have determined that accommodating his request would not have posed an undue hardship.

45. UMass's refusal to grant Mr. Magnan an exemption based on his sincerely held religious beliefs resulted in his termination.

46. As a result of his termination, Mr. Magnan has suffered loss of income and substantial emotional distress, as well as incurred attorneys' fees and costs.

47. UMass' actions and omissions described herein violated M.G.L. c. 151B § 4(1A).

48. Mr. Magnan has received permission from the Massachusetts Commission Against Discrimination to withdraw his case pending before that agency and pursue his claims in this Court pursuant to M.G.L. c. 151B § 9.

49. Pursuant to M.G.L. c. 151B § 9, Mr. Magnan is entitled to relief including but not limited to compensation for lost income, compensation for emotional distress, an award of punitive damages, and an award of attorneys' fees and costs.

### Demand for Relief and Jury Trial

WHEREFORE, the Plaintiff respectfully requests that this Court provide him with the following relief:

A) Issue injunctive relief ordering his reinstatement to his position with the Defendant;

B) Award him the total amount of compensatory damages;

C) Award him punitive damages;

D) Award him the total amount of his reasonable attorneys' fees and costs incurred in bringing this action; and

E) Award him such other and further relief as the Court deems appropriate.

**THE PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL ISSUES SO TRIABLE.**

Respectfully,

Plaintiff Brendan Magnan
By his attorney,

<u>*/s/Benjamin C. Rudolf*</u>
Benjamin C. Rudolf, BBO#667695
Murphy & Rudolf, LLP
446 Main Street, Suite 1503
Worcester, MA 01608
p. (508) 425-6330
f. (508) 536-0834
brudolf@murphyrudolf.com

Dated:  April 20, 2023